UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSA GRADY,

                               Plaintiff,

      - against -

NATHANIEL GRADY and JUDY STANFORD,

                               Defendants.

**OPINION AND ORDER**

10-CV-8809 (CS)

---

Appearances:

James R. Carcano
Larchmont, New York
*Counsel for Plaintiff*

Jack A. Gordon
Joshua B. Katz
Kent, Beatty & Gordon, LLP
New York, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is Defendants' Motion to Vacate Default Judgment. (Doc. 9.) For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

      Plaintiff initiated this lawsuit on November 22, 2010, bringing fraud claims against both Defendants and a conversion claim against Defendant Nathaniel Grady.[1] (Doc. 1.) Plaintiff invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that she was a resident of New York and both Defendants were residents of New Jersey. (*Id.* ¶¶ 1-5.)

---

[1] I will refer to Defendant Nathaniel Grady as "Grady" and Plaintiff Rosa Grady as "Plaintiff".

1

On April 15, 2011, the Court entered default judgment against Defendants for failing to answer the complaint. (Doc. 6.) Defendants now move to vacate the default judgment for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(4), (Doc. 9), arguing that Defendant Judy Stanford was a New York citizen at the time the action was commenced, (*see* D's Mem. 4).[2]

## II.    LEGAL STANDARD

"Rule 60(b)(4) permits a district court to vacate a judgment on the ground that it is void." *Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.,* 221 F.R.D. 410, 411 (S.D.N.Y. 2004). A judgment is void "'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)). "While other motions to vacate under Rule 60(b) are left to the district court's discretion, a 60(b)(4) motion must be granted if it is found that the court initially lacked jurisdiction." *Popper v. Podhragy*, 48 F. Supp. 2d 268, 271 (S.D.N.Y. 1998). "[I]f the underlying judgment is void for lack of jurisdiction, 'it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

"Although Rule 60(b) provides that most motions for relief, including a motion under Rule 60(b)(4), must be made within a reasonable time, [the Second Circuit] has been exceedingly lenient in defining the term reasonable time, with respect to voidness challenges." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123-24 (2d Cir. 2008) (internal quotation marks and

---
[2] "Ds' Mem." refers to the Memorandum of Law in support of Defendants' Motion to Vacate Default Judgment, (Doc. 10).

2

citation omitted). Thus "for all intents and purposes, a motion to vacate a default judgment as void may be made at any time." *Id.* at 124 (internal quotation marks omitted).

### III. DISCUSSION

*A. Existence of Complete Diversity*

Defendants argue that complete diversity did not exist between the parties at the time the Complaint was filed because Stanford was a citizen of New York, rather than New Jersey. Ordinarily, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Allocating the burden among parties in FRCP 60(b)(4) challenges," however, "appears to vary on the circumstances surrounding the motion." *MWH Int'l, Inc. v. Inversora Murten S.A.*, No. 11-CV-2444, 2012 WL 3155063, at *8 (S.D.N.Y. Aug. 3, 2012). While some courts have stated that "[w]hen either subject matter or personal jurisdiction is contested under Rule 60(b)(4), the burden of proof is properly placed on the party asserting that jurisdiction existed," *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986); *accord Wroblewski v. Morrissette*, No. 96-CV-0182, 2000 WL 129184, at *1 (W.D.N.Y. Jan. 27, 2000); *Nat'l Credit Union Admin. Bd. v. Abramov*, No. 93-CV-1467, 1996 WL 480791, at *2 (E.D.N.Y. Aug. 15, 1996), others hold that the burden "shifts where the defendant was on notice of the original proceeding before the entry of default judgment," *Khaldei v. Kaspiev*, No. 10-CV-8328, 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014) (citing *Burda Media*, 417 F.3d at 299) (challenge to default judgment based on lack of personal jurisdiction). The rationale of the latter view is that "[s]hould the burden of proof be lodged with the plaintiff, severe prejudice can result when evidence needed to prove jurisdiction is no longer available due to the passage of time." *Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D.N.Y. 1984).

3

Defendants were clearly aware of this proceeding before entry of the default judgment – counsel appeared in the case on their behalf and requested two thirty-day extensions of their time to answer, (Docs. 4, 5) – so it would not be "'unfair to place the burden on [Defendants,] who ha[ve] chosen to contest jurisdiction after judgment under Rule 60(b) rather than at the time of trial pursuant to Rule 12.'" *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 n.10 (S.D.N.Y. 2002) (quoting *Rohm & Haas*, 103 F.R.D. at 544). Assuming that the burden of proof falls on Defendants, I find that they have carried it.

Federal courts have jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). One's domicile is "a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) (internal quotation marks omitted); *see Wiest v. Breslaw*, No. 01-CV-5663, 2002 WL 413925, at *2 (S.D.N.Y. Mar. 15, 2002) ("'Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another.'") (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)) (internal quotation marks omitted). "A person is born with a particular domicile, and is presumed to retain it unless it can be shown that she has established a new domicile." *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). "That rule applies every time a person establishes a domicile." *Id.*

"Domicile requires (1) the party's physical presence in the state; (2) the intent to remain in that state indefinitely." *Id.* at 1227. "Factors frequently taken into account in determining domicile include current residence, voting registration, driver's license and automobile

4

registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (alteration omitted) (quoting *Bank of India v. Subramanian*, No. 06-CV-2026, 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007)), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). "Courts also consider whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." *Id.* (internal quotation marks and alteration omitted). "No single factor is determinative, and courts must consider the totality of the evidence." *Id.* (internal quotation marks omitted).

The Complaint in this case alleges only the residency of the parties, (Doc. 1 ¶¶ 1-3), and "it is well-established that allegations of residency alone cannot establish citizenship," *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). But "while a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate, the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements." *Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 567-68 (2d Cir. 2000) (emphasis in original). Thus a district court may look to evidence outside the pleadings to determine if subject matter jurisdiction exists. *See Makarova*, 201 F.3d at 113.

Defendants have shown by a preponderance of the evidence that Stanford was a domiciliary of New York, rather than New Jersey, at the time the Complaint was filed on November 22, 2010. Stanford asserts in her sworn affidavit that she was born in New York and, on November 22, 2010, owned and lived in a co-op apartment located at 84-35 Lander Street,

5

Apt. 2E, Briarwood, New York.[3]  (Stanford Decl. ¶ 5.)[4]  She has submitted considerable documentary evidence to substantiate that claim:  the proprietary lease and maintenance and parking fee invoices dated August and December 2010 for the Briarwood residence, (*id.* Exs. A, B); a letter from Chase Bank discussing her home equity line of credit using a second mortgage on the Briarwood residence as collateral, (*id.* Ex. C); her passport, in which she entered the Briarwood residence as her United States address, (*id.* Ex. D); portions of retirement account statements from Citi Personal Wealth Management for the period October 1 through December 31, 2010, addressed to her at the Briarwood residence, (*id.* Ex. E); five U.S. Department of Housing and Urban Development settlement statements from July through October 2005, memorializing Stanford's purchase of what she describes as investment properties in New Jersey, which list her address as the Briarwood residence, (*id.* Exs. F, H, I, J, K); and a lease agreement for one of Stanford's New Jersey properties dated July 2005 and providing that rent payments should be mailed to her at the Briarwood residence, (*id.* Ex. G).  Stanford also states in her affidavit, although she does not attach materials in support, that as of November 22, 2010, she was registered to vote in New York and voted in New York in the 2008 presidential election, (*id.* ¶ 7), held a New York state driver's license (which listed the Briarwood address), (*id.* ¶ 8), worshipped at the Concord Baptist Church of Christ in Brooklyn (and had worshipped there her entire life), (*id.* ¶ 11), and worked at Concord Family Services, also in Brooklyn, from 1990 to an unstated date in 2010, (*id.*).  And while Stanford leased the Briarwood residence to a renter from April 1, 2009, to March 31, 2010, during which time she lived at 39 Lake Street, Bridgeton, New Jersey – the address listed as her residence in the Complaint, (Doc. 1 ¶ 3) – she states that

---

[3] Briarwood is apparently in Queens County.

[4] "Stanford Decl." refers to the Declaration of Defendant Judy Stanford in Support of Defendants' Motion to Vacate Default Judgment, (Doc. 11).

she always intended to and did return to live at the Briarwood residence upon the expiration of the lease, (Stanford Decl. ¶¶ 20-21).

Plaintiff's response consists only of an attorney affirmation, but counsel's averments are insufficient to rebut Defendants' evidence. Counsel states the following: During the course of litigating a different case involving the same parties, he heard Stanford testify regarding her residence with Mr. Grady in New Jersey and her employment there, (Carcano Aff. ¶¶ 5-6)[5]; there was no testimony in that proceeding that Stanford was domiciled in New York, (*id.* ¶ 6); he subsequently learned that Defendants were married and living in New Jersey, (*id.* ¶ 7); in this case, Defendants' counsel made no mention of Stanford's New York domicile after service of process, (*id.* ¶¶ 8-9); counsel had no information indicating Stanford was domiciled in New York, (*id.* ¶ 12); and he believes Stanford filed a bankruptcy petition in the District of New Jersey, (*id.* ¶ 15). Accepting counsel's recollection of Stanford's testimony in an unidentified prior proceeding[6] as true, Stanford's testimony that she resided in New Jersey does not establish that New Jersey was her domicile. *See Venturella*, 391 F.3d at 125 & n.6. It is also of questionable relevance because counsel has not indicated when any such testimony was given. (*See* Carcano Aff. ¶¶ 5-6.) As for the bankruptcy, such a proceeding may be initiated in the District Court in which a person's domicile or residence has been located for 180 days, *see* 28 U.S.C. § 1408(1), so Stanford's filing in New Jersey might indicate that she lived there for the six months before her filing or believed New Jersey to be her domicile. But Plaintiff's counsel does not give a date for the filing except to say it was "shortly after" the default judgment was entered in April 2011. (Carcano Aff. ¶ 13.) Moreover, it is entirely possible that Stanford filed

---

[5] "Carcano Aff." refers to James R. Carcano's Affirmation in Opposition, (Doc. 16).

[6] Counsel says the case was "*Haywood v. Grady* in New Jersey," but does not provide a citation, the name of the court in which it took place, or a docket number. (Carcano Aff. ¶ 5.)

7

in an improper venue.  More fundamentally, counsel's assertion regarding Stanford's bankruptcy petition is unsupported by any documentary evidence, citation, or docket number, and does not appear to be made on personal knowledge.  *Cf.* Fed. R. Civ. P. 56(c)(4) (affidavits at summary judgment stage must be made on personal knowledge).  Finally, counsel's lack of information regarding Stanford's New York domicile is not evidence that Stanford was domiciled in New Jersey.[7]

For these reasons, the Court finds that Defendants have established by a preponderance of the evidence that Stanford was a New York domiciliary at the time the Complaint was filed, and thus complete diversity did not exist between the parties.  The default judgment is thus void, and Defendants' motion pursuant to Rule 60(b)(4) is granted.

### B.  Diversity Between Plaintiff and Defendant Grady

Plaintiff asserts that even if Stanford's domicile was New York, diversity still exists between her and Grady.  (Carcano Aff. ¶ 21.)  If that were true, and if the Court were to find that Stanford is not indispensable under Federal Rule of Civil Procedure 19, Plaintiff could drop her from the case pursuant to Rule 21, and continue the action against Grady alone.  *See* Fed. R. Civ. P. 21; *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp.*, 635 F.3d 48, 51 (2d Cir. 2011); *Cook v. Toidze*, 950 F. Supp. 2d 386, 392-93 (D. Conn. 2013).  Defendants have not taken a position regarding Grady's domicile, but have argued that Plaintiff's allegations in that regard are insufficient.  (Ds' Reply Mem. at 2-3.)[8]  Because Defendants have met their burden with respect to the Rule 60 motion, I find the burden of proof with respect to Grady's

---

[7] Counsel also asserts that the judgment in this case was extinguished in Stanford's bankruptcy proceeding and is therefore unenforceable against her. (Carcano Aff. ¶¶ 17, 19.)  The Court cannot evaluate that statement because counsel has not provided any identifying information for the proceeding, but even if he had, neither the bankruptcy proceeding nor Plaintiff's ability to collect on the judgment are relevant to whether this Court had subject matter jurisdiction at the time the case was filed.

[8] "Ds' Reply Mem." refers to Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Vacate Default Judgment, (Doc. 17).

domicile is fairly returned to Plaintiff as the party asserting that subject matter jurisdiction exists. *See Makarova*, 201 F.3d at 113.

As with Stanford, the Complaint alleges that Grady was a resident, not a domiciliary, of New Jersey. (Doc. 1 ¶ 2.) This failing could, however, conceivably be cured by amendment, if in fact Grady is a domiciliary of New Jersey. Accordingly, rather than dismissing now, I will allow Plaintiff to file an Amended Complaint ("AC") no later than September 25, 2015. If no AC is filed, the Complaint will be dismissed. If an AC is filed, Defendant Grady shall answer or request a pre-motion conference (according to my rules) in the ordinary course.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion is GRANTED and the default judgment entered on April 15, 2011, (Doc. 6), is VACATED. The Clerk of Court is respectfully directed to terminate the pending Motion, (Doc. 9), and re-open the case.

**SO ORDERED.**

Dated: August 26, 2015
         White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.